UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-80459-MARRA

ERIC C. CHRISTU, as Personal Representative of
The Estate of Simon C. Fireman and
ERIC C. CHRISTU and KENNETH MEEWES,
as Co-Trustees of the Simon C. Fireman Trust,

      Plaintiffs,

vs.

STEPHANIE PIZZOLA and
THE UNITED STATES OF AMERICA,

      Defendants.
_____/

**OPINION AND ORDER DENYING DEFENDANT PIZZOLA'S MOTION FOR
ATTORNEY'S FEES FOR FAILURE TO ESTABLISH "PREVAILING PARTY"
STATUS [DE 44]**

      **THIS CAUSE** is before the Court on Defendant Stephanie Pizzola ("Pizzola")'s Motion

for Attorney's Fees pursuant to Fed. R. Civ. P. 54 and S.D. Fla. Local Rule 7.3 [DE 44], Plaintiffs'

Response to the Motion [DE 45] and Defendant's Reply [DE 46].   Pizzola contends she is entitled

to recovery of attorneys' fees under state law as the "prevailing party" in this interpleader action,

which was dismissed with prejudice for lack of subject matter jurisdiction under the probate

exception to federal diversity and subject matter jurisdiction [DE 42].

      For reasons expressed below, this Court concludes Pizzola is not a "prevailing party" in this

interpleader action, and therefore does not demonstrate an  entitlement to attorney's fees and costs

under the contractual provision invoked as a basis for recovery.

## I.      Background

Eric Christu, as Personal Representative of the Estate of Simon C. Fireman, and Eric Christu and Kenneth Meewes, as Co-Trustees of the Simon C. Fireman Trust (collectively "Fiduciaries") filed this Interpleader Complaint against the United States of America ("USA") and Stephanie Pizzola.  The Fiduciaries asked the Court to determine the priority under which these adverse claimants should receive payments from the Estate and Trust, and to discharge the Fiduciaries from any liability arising from such priority determinations [DE 1].  The Fiduciaries alleged diversity jurisdiction under 28 U.S.C. §1332, as well as federal subject matter jurisdiction under 28 U.S.C. §1340, noting the existence of a federal tax lien asserted as a basis for one of the competing claims against the Estate/Trust assets.  On motion of Pizzola, however, the Court dismissed the Interpleader Complaint with prejudice based on the probate exception to federal  jurisdiction [DE 42].[1]

Based on this dismissal, Pizzola now seeks attorney's fees under state contract law, claiming she is entitled to such as the "prevailing party" in an action for enforcement of a Settlement Agreement between the parties entered in a Florida state court probate proceeding.  Case No. 502011CP005080XXXXMB, in the Fifteenth Judicial Circuit Court, in and for Palm Beach County, Florida (the "probate action").

The contractual attorney's fee provision in question provides:

In the event any party brings an action to enforce this Settlement Agreement, then the prevailing party shall have their attorneys (sic) fees and costs awarded by the Court (regardless of any rule or statutory or case law provision relating thereto).

[DE 1-1, ¶ 22].

---

[1] By its terms, the dismissal order operated as final judgment of dismissal under Rule 58  [DE 42].  The order did not reserve jurisdiction to tax fees or costs.

Pizzola contends she is a entitled to the recovery of fees under this provision because the dismissal of this federal interpleader action on jurisdictional grounds represented success on a "significant issue" related to her contract enforcement efforts against the Fiduciaries in the underlying probate action, thus conferring her with "prevailing party" status. Pizzola cites *Kamel v. Kenco/The Oaks at Boca Raton, LP,* 2008 WL 3471594 (S.D. Fla. 2008) in support of her position. Pizzola asserts that this action is properly viewed as one "brought to enforce" the Settlement Agreement, or at least one "inextricably intertwined" with its enforcement, citing *Pretka v. Kolter City Plaza II, Inc.*, 2013 WL 7219294, at *2 (S.D. Fla. 2013). The Fiduciaries disagree on both counts. The parties' briefs center on this debate over Pizzola's "prevailing party" status in the first instance, and the characterization of this interpleader action – seeking a declaration on the priority of adverse claimants - as one for "enforcement" of the underlying Settlement Agreement.

The Court concludes that Pizzola is not the "prevailing party" in this proceeding for purposes of invoking the attorneys' fee clause in the underlying Settlement Agreement, and therefore denies the motion.

## II.     Discussion

### A. Prevailing Party Status

Florida law recognizes, as an exception to the "American rule," the recoverability of attorney fees in favor of the "prevailing party" in litigation when authorized by statute or an enforceable contract allocating attorney's fees. A "prevailing party" in this context is one who succeeds "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Moritz v. Hoyt Enterprises, Inc.*, 604 So.2d 807, 810 (Fla. 1992). Success on a "significant issue," in turn, is informed by whether a party has been awarded at least some relief on

3

the merits of his or her claim, or on the placement of a judicial imprimatur on a change in the legal relationship between the parties. *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003). *See also Buchannan Bd. and Care Home, Inc. v. W. Va. Dept. of Health and Human Serv.*, 532 U.S. 598, 605, 121 S. Ct. 1835, 149 L.Ed.2d 855 (2001) (fee-shifting provisions of FHAA and ADA require a party to secure either a judgment on merits or court-ordered consent decree to qualify as "prevailing parties").

A dismissal *without prejudice* for lack of subject matter jurisdiction ordinarily is not viewed as one conferring "prevailing party" status – primarily because the parties remain free to seek a determination of the issues in another forum, and the legal relationship between the parties following such a disposition has not been materially changed. *Ffrench v. Ffrench*, 418 F. Supp. 3d 1186 (S.D. Fla. 2019) (after dismissal without prejudice of action by settlor's son against settlor's daughter seeking rescission of reinstatement of father's revocable trust for lack of subject matter jurisdiction, settlor's daughter was not "prevailing party" under fee-shifting provision in probate court settlement agreement). *See also Sream, Inc. v. K and R of WPB, Inc.*, 2017 WL 6409015, at *2 (S.D. Fla. 2017) (denying attorney's fee motion under Lanham Act after dismissal without prejudice for lack of subject matter jurisdiction over Lanham Act claims) (citing *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205-06 (11th Cir. 2012) ("[plaintiff] is not a 'prevailing party' after dismissal of lawsuit for lack of subject matter jurisdiction); *Szabo Food Service, Inc. v. Canteen Corp*, 823 F.2d 1073, 1076 (7th Cir. 1987) (defendant is not a "prevailing party" after complaint was dismissed without prejudice and without determination on merits); *Vistan Corp. v. Fadei USA, Inc.*, 2013 WL 1345023 (N.D. Cal. 2013) (after dismissal without prejudice of contract claim for lack of jurisdiction, defendant not entitled to attorney's fees under

4

state statute where plaintiff remained free to pursue contract claim in California state court).

Although this case ended in a dismissal *with prejudice*, it did not achieve a material change in the legal relationship between the parties which would signify success on a "significant issue," where this Court did not make a ruling on the merits of the interpleader complaint or the priority of adverse claimants as against the assets of the Estate and Trust. By dismissing this interpleader action "with prejudice," the Court signaled only that the Fiduciaries are barred from renewing or refiling an interpleader complaint in federal court, due to a lack of federal jurisdiction which is not susceptible to cure by any amendment to the Fiduciaries' pleading. However, the Fiduciaries presumably remain free to pursue a formal priority determination between adverse claimants before the state probate court which continues to exercise jurisdiction over the administration of the Estate and Trust, and this Court's dismissal never suggested otherwise. It is not made to appear that this issue has yet been squarely framed and submitted for determination to the probate court, which enjoys exclusive jurisdiction over this controversy.

In granting Pizzola's motion to compel outstanding beneficiary payments due under the Settlement Agreement, the probate court considered the Fiduciaries' claimed inability to pay, due to an alleged lack of liquid assets to make the Pizzola payments along with other tax obligations owed to the IRS. In ruling for Pizzola on this motion, the probate court simply found "the Estate/Trust is not insolvent," in light of sworn accountings establishing the fair market value of the Estate's assets, and discounted the sufficiency of efforts undertaken by the Fiduciaries to generate the funds necessary to make required payments to Pizzola [DE 1-3, pp. 6-7]. It does not appear that the state court made any determination on a priority of claims between adverse claimants –presumably leaving the Fiduciaries free to pursue a priority determination by appropriate motion

addressed to the probate court.[2]

In any event, even if the Fiduciaries *are* precluded from renewing the priority of adverse claimants issue in state court – under collateral estoppel, *res judicata* principles or otherwise -- – that impediment has nothing to do with any action taken by this Court which unequivocally made no ruling on the merits of the priroirty issue framed by the Fiduciariers Interpleader Complaint, but rather simply dismissed that Complaint for lack of jurisdiction.  In other words, this Court's dismissal of the federal interpleader complaint "with prejudice" cannot be viewed as the operative bar, under any scenario, to a state court's further deliberation and determination on the priority of claims issue.

If it is later determined that there has been a final, formal resolution governing the priority of adverse claimants, as between Pizzola and the IRS,  that determination did not stem from this Court's order of dismissal on jurisdictional grounds.  And if there has been no such final, formal resolution of the priority claims, then it remains to be seen whether the Fiduciaries or Pizzola emerge as the "prevailing party" on this question.  Thus, Pizzola has not "prevailed" on a significant issue in the controversy between the parties as a result of this Court's dismissal of the federal interpleader action for lack of jurisdiction, and she has therefore not demonstrated an entitlement to fees under the fee-shifting provision of the parties' underlying Settlement Agreement.  *See*

---

[2] As previously noted by this Court in its order of final dismissal for lack of jurisdiction, "the parties dispute whether the state court, in rendering its decision [on Pizzola's motion to compel compliance with the Settlement Agreement], actually addressed the question of priority."  [DE 42, p. 9].  This Court did not resolve this debate, but simply concluded that "the state court's lack of clarity on this point does not .. remove[] this case from the probate exception."  The Court further noted that the Trust's assets remains subject to probate court jurisdiction for purposes of distribution under § 733.707(3) Fla. Stat., rendering  "any concerns that the state court is unable to fully administer the Estate, including making  and enforcing priority determinations … misplaced." [DE 42, p. 10].

*Ffrench* at 1190 (citing *Dattner v. Conagra Foods, Inc.* 458 F.3d 98, 101 (2d Cir. 2006) (for party to be "prevailing" there must be a "judicially sanctioned change in legal relationship of the parties"). See also *Estate of Drummond*, 149 Cal. App. 4th 46, 56 Cal. Rptr. 3d 691 (2007) (dismissing will contestant's motion for attorney's fees following appeal court's reversal and dismissal of attorney's contract claim on procedural grounds which merely required the attorney to pursue his claims in an appropriate forum; phrase "prevailing" implies strategic victory at end of day, not tactical victory in preliminary engagement); *Advance Financial Resources, Inc. v. Cottage Health System, Inc.*, 2009 WL 2871139, at *2 (D. Ore. 2009) (finding defendant was not prevailing party under state fee-shifting statute where contract claim was dismissed for lack of personal jurisdiction with no final resolution or determination on merits of underlying claim).

In sum, as the dismissal of this federal interpleader action for lack of diversity jurisdiction and lack of federal question jurisdiction under 28 U.S.C § 1340 did not purport to preclude the Fiduciaries from seeking an adverse claimant priority determination in the ongoing state probate court proceedings, Pizzola did not obtain a "judicial imprimatur" on a change in the legal relationship between the parties as a consequence of the Court's disposition of this action. She obtained only an interim, preliminary victory based on the Fiduciaries' unsuccessful attempt to pursue an interpleader claim in the wrong forum. With this, it cannot be said that Pizzola has obtained any significant relief in an action to enforce the Settlement Agreement, and Pizzola does not enjoy "prevailing party" status.

## III.    CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED**:

1. Defendant Pizzola's Motion for Attorney's Fees [DE 45] is **DENIED** for failure to establish "prevailing party" status in an enforcement action under the subject state court Settlement Agreement.

2. Defendant Pizzola's request for the recovery of costs in the amount of $ 660.68, representing research costs for Westlaw research and Pacer research incurred in preparing the subject motion for fees is also **DENIED**.  First, Pizzola is not a prevailing party and second, these expenses are non-taxable under Fed. R. Civ. P. 54.

**DONE AND ORDERED** in Chambers at  West Palm Beach, Florida, this  3rd day of August, 2020.

KENNETH A. MARRA
United States District Judge

cc. all counsel

8